## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

BANY and MARTHA MOLINA,
as parents of D.M., a minor child,

      Plaintiffs,

    v.                                     No. 14-CV-00979 WJ/KBM

BOARD OF EDUCATION OF LOS LUNAS
SCHOOLS,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS
## TO DISMISS ALL CLAIMS RELATED TO DISCIPLINE OF D.M.

THIS MATTER comes before the Court upon a Motion for Judgment on the Pleadings to Dismiss All Claims Related to Discipline of D.M., filed by the Board of Education of Los Lunas Schools ("Defendant") on April 7, 2015 (**Doc. 16**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is without merit; accordingly, it is denied.

## BACKGROUND

This is a civil action brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i)(2)(A) and 20 U.S.C. §1415(i)(3); Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794(a)(2). The Complaint in this case is both a civil action for review of an IDEA administrative due process hearing as well as a complaint for disability discrimination.[1]

---

[1] Plaintiffs have amended the Complaint primarily to correct the name of D.M.'s high school (Doc. 27). Parties refer to the initial complaint in their briefs and Plaintiffs have represented to the Court that changes made in the First Amended Complaint are not material to consideration of Defendant's motion. *See* Doc. 28 at 4, n.1.

In this lawsuit, Plaintiffs seek judicial review of a decision by the school district ("District") in January 2014 imposing a long-term suspension ("LTS") covering most of the 2014 spring semester and all of the 2014 fall semester.  On July 16, 2014, D.M.'s parents, Mr. and Mrs. Molina, requested a due process hearing under the IDEA, alleging among other things that their son was denied a free and appropriate education by the District failing to accommodate his hearing impairment, failing to provide an adequate reading program and, in connection with his LTS, punishing D.M. for conduct that was related to his disability and that his disciplinary placements in an alternative educational setting were improper.  Following a three-day evidentiary hearing, the due process hearing officer found in favor of the District and against the Plaintiffs.

The Complaint alleges that D.M. was denied a free and appropriate public education because he was repeatedly excluded from school for long periods due to his involvement in "verbal and physical altercations."  The parents contend that D.M. was bullied because of his hearing impairment, so the resulting altercations were a "manifestation" of his disability. Compl., ¶¶ 39, 41, & 48-49.   The allegations relating to improper discipline by the District also form the basis for the IDEA appeal as well as the asserted discrimination claims.  In this motion, Defendant seeks dismissal of Plaintiff's claims that are related to disciplinary suspensions, arguing that Plaintiffs are belatedly raising these claims in a due process proceeding, which is an improper collateral attack that ignores statutory criteria for challenging the imposition of discipline and exhausting administrative remedies.   Defendant claims that, as a result, these claims are barred by the relevant statute of limitations and Plaintiffs' failure to exhaust administrative remedies.

**DISCUSSION**

The IDEA is a federal spending statute in which the federal government provides funds to the states "for the education of children with disabilities, guaranteeing disabled children between the ages of three and twenty-one access to a free, appropriate, public education ("FAPE"). *Erickson v. Albuquerque Pub. Schs.*, 199 F.3d 1116, 1118 (10th Cir. 1999); *Ellenberg v. New Mex. Mil. Inst.*, 478 F.3d 1262 (10th Cir. 2007). The IDEA's scope encompasses a broad range of services, including early identification of children with learning disabilities, eligibility, school placement, individual educational programs, and procedural protections. *See* generally 20 U.S.C. §§ 1400-1482.

**I.    Factual Allegations**[2]

D.M. is a 17-year old public high school student in Los Lunas, New Mexico. He has a hearing impairment and a learning disability, and a history of being suspended from school because of aggressive conduct toward others.[3]   Other students bullied and harassed D.M. because he has a hearing impairment and hearing aid. D.M. engaged in verbal and physical altercations with other students in response to being teased and bullied. He has been suspended from school a number of times for his involvement in these conflicts. D.M.'s history of

---

[2]   These facts are from the complaint and the Administrative Record ("AR"). Citations are found in Defendant's brief which recounts the factual allegations and are generally not referenced here. Further, citations to the AR refer to the Bates numbers for the documents on the CD which was lodged with the Court. *See* Doc. 9 (Notice of Filing). Facts not pertinent to the exhaustion issue are omitted.

[3]  Plaintiffs object to Defendant's description of D.M.'s conduct as "aggressive" and claim that Defendant has mischaracterized other facts presented in the motion. *See* Doc. 28 at 8-9. However, the Court has reviewed the actual language in the Complaint and finds that while Defendant's description of the allegations is paraphrased, it is nevertheless accurate. For instance, Plaintiffs take issue with the factual accuracy of Defendant's statement that "D.M. engaged in verbal and physical altercations with other students in response to being teased and bulled." (Doc. 16 at 4, ¶ 5). The Complaint actually states that D.M. was "repeatedly excluded from school for long periods of time for minor discipline infractions which have arisen out of minor verbal and physical conflicts typically arising in unstructured, noisy environments" and that the school was "aware that D.M. was bullied and harassed by other students on the basis of his disability . . . and the bullying created a hostile environment." Compl, ¶¶5, 7. Defendant's description of these assertions may be considerably shorter, but is a fair description of those assertions.

discipline-based suspensions dates at least to the 2011-12 school year.  During the 2011-12 school year, D.M. was suspended for more than two months in the fall, attended school on a half-day schedule for four months in the spring, and was suspended for the last month of school. D.M. was suspended for the fall 2012 semester, for most of the spring 2014 semester and for the fall 2014 semester.

Plaintiffs contend that the District never analyzed or determined whether D.M.'s hearing loss contributed to the misunderstandings and conflicts that were the reason for the repeated suspensions of D.M., and also that D.M.'s discipline was disproportionate, inconsistent with punishment for non-disabled students, and did not take into account his disability.

On January 29, 2014, D.M. was placed on LTS after a determination that his behaviors were not the result of his disability.  Decision, AR 182-183, ¶ 4 and AR 186, ¶ 30.  D.M.'s parents did not appeal the hearing officer's decision under the Los Lunas Schools  Board Policy. Decision, AR 182-183, ¶ 4; *see also* Doc. 28-2 (letter of decision).[4]

While he was on LTS, D.M. received educational services. Decision, AR 182, ¶ 3.   On July 16, 2014, D.M.'s parents filed a request for a due process hearing.  Doc. 1, ¶ 18.  A due process evidentiary hearing was held in August 2014. A written decision was issued on September 26, 2014, finding against the parents and in favor of the District.  Doc. 1, ¶ 19.  A civil complaint for review of the hearing officer's decision and asserting a claim for disability discrimination was filed on October 29, 2014.

Defendant's recitation of some of the dates is somewhat confusing and requires some clarification.  For instance, Defendant gives January 29, 2014 as the date D.M. was placed on LTS, *see* Doc. 16 at 5, ¶10, although January 29, 2014 was the actual date of the manifestation

---

[4]  The "appeal" mentioned in the administrative decision refers to an appeal process that is available under local district regulations, and not IDEA provisions, although Defendant omits this information.  This "appeal" under local regulations has no relevance to the issue of exhaustion under a federal statute.

determination, *see* Doc. 28-1, and the suspension was not imposed by the District until February 2014.  Doc. 16 at 1; Doc. 28-2 (letter sent by regular mail dated February 11, 2014).   As another example of date confusion, Defendant states that the parents requested a due process hearing on July 26, 2014, Doc. 16 at 1, but elsewhere in the factual allegations, Defendant states that the parents requested the hearing on July 16, 2014.  Doc. 16 at 5, ¶ 13; Compl., ¶ 18.   Fortunately, the exactness of the dates is not critical and does not affect the relevance of these facts, which are otherwise undisputed.  The only issue here is the legal significance of these facts in the context of exhaustion under the IDEA.

## II.     Procedural Protections Under the IDEA

The procedural protections in the IDEA that are relevant to Defendant's motion are located in different provisions of 20 U.S.C. §1415.

Section 1415(f) of the IDEA describes the procedure for an impartial due process hearing on complaints received under "subsection (b)(6) or (k):

> Whenever a complaint has been received under subsection **(b)(6) or (k)**, the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.

20 U.S.C. §1415(f)(1)(A) (emphasis added).  Section 1415(f)(3)(C) allows a parent or agency two (2) years from the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint.   Section 1415(f) prescribes an opportunity for an informal resolution meeting to take place within 15 days of the complaint and, if necessary, a hearing.  The hearing may take place if the complaint has not been resolved within 30 days, and a decision must be rendered within 45 days of the hearing. 34 C.F.R. § 300.515(a).  Further, a party may appeal the findings from the due process hearing to the state educational agency under

§ 1415(g).

Subsection (b)(6) provides an opportunity for a party to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child . . . ."   §1415(b)(6)(A). Subsection (b)(6) reiterates the two-year timeline, also included in §1415(f)(3)(C), which  states that the statute of limitations for due process hearings under IDEA is two years prior to the date the due process complaint was filed.  §1415(b)(6)(B).

Subsection (k), which is the other category of complaint referred to in §1415(f), addresses a child's placement in an alternative educational settling.  Under that provision, school personnel have the authority to remove a child with a disability who violates a code of student conduct from his current placement and move him to an appropriate interim alternative educational setting, including suspensions, for not more than ten days, to the extent such alternatives are available to children without disabilities.  §1415(k)(1)(B).   However, within 10 school days of that decision, the school must conduct a "manifestation determination" to decide whether the student's conduct at issue was a manifestation of the student's disability or if it was the "direct result" of a failure to implement the child's individual educational program.  20 U.S.C. §1415(i)(1)(E).  If the student's behavior is not a manifestation of his disability, then the relevant discipline may be administered in the same manner applicable to a non-disabled student. *Id*., § 1415(k)(1)(C). *Gutin v. Wash. Twp. Bd. of Educ*., 467 F. Supp. 2d at 427-28.  If the behavior is a manifestation of the disability, then the child's placement is not changed (absent parental consent) and the IEP team must prepare a functional behavior assessment and a behavior

intervention plan. See 20 U.S.C. § 1415(k)(1)(F) (describing functional behavior assessment and behavioral intervention plan).[5]

Also, under §1415(k)(3), a parent who disagrees with the manifestation determination may request a hearing, and if this occurs, the school is required to arrange for an "expedited hearing" which must occur within 20 school days of the date the hearing is requested, and result in a determination within 10 school days. *Id.* at §§ 1415(k)(3)(A) & 1415(k)(4)(B).

Under §1415(*l*), before filing a civil action, parties are required to exhaust their administrative remedies prior to filing a claim according to the procedures under subsections (f) and (g).

Under §1414(i)(2), parties aggrieved by the finding and decision made under subsection (f) or (k) may bring a civil action in federal district court within 90 days from the date of the decision of the hearing officer, or if the state has an explicit time limitation for bringing such action, in such time as the state law allows.[6]  Also, a decision made in a hearing conducted pursuant to subsection (f) or (k), except that a party may appeal the hearing decision under subsection (g).

## III.    Analysis

The question here is whether Plaintiffs have exhausted their claims that are based on disciplinary actions.  Defendant contends that alleged denial of FAPE and disability discrimination claims that are based on the manifestation determinations through 2013 should be

---

[5] An "IEP" is an Individualized Education Program" or "written statement for each child with a disability that is developed, reviewed, and revised" in accordance with the IDEA's provisions.  *See* 20 U.S.C. §1414(d).

[6] New Mexico requires that a civil action "must be filed within 30 days of the receipt of the hearing officer's decision by the appealing party."  §6.31-2.13(I)(24)(a).   However, Plaintiff correctly states that this timeline would not be a defense in this case.  The Court assumes that although the hearing officer's decision was issued on September 26, 2014, the decision was not received until a few days later, making the October 29, 2014 complaint filed in federal court timely.

dismissed because no manifestation determination made prior to January 2014 was ever appealed under subsection (k)'s expedited procedure.

Defendant argues that a plaintiff must exhaust each manifestation determination made by a school district in order to exhaust complaints of disciplinary actions.  Because Plaintiffs never complained about past suspensions in 2011-2012 or sought disciplinary hearings under 20 U.S.C. §1414(k) on those past suspensions, with the possible exception of the 2014 LTS, Defendant contends that any complaints relating to a denial of FAPE based on those suspensions are barred. As Defendant notes, the complaint itself is silent with respect to the manifestation determinations and administrative appeals.  However, Plaintiffs do not dispute that they did not avail themselves of the expedited hearing process under §1415(k)(1)(F) and contend that Defendant's motion is based on a misunderstanding of the IDEA's requirements.  They contend that there is no need to attack each manifestation determination made by a school district, and that a due process hearing under §1415(f) is all that is required to meet the IDEA's exhaustion requirement under §1415(*l*). If their position is legally supportable, then the  August 2014 administrative hearing, in which Plaintiffs included discipline-related claims, is sufficient to exhaust those claims for federal review since it was requested within the two-year timeline of the complained-of conduct, as set forth in §1415(f)(3)(C).

The only question here is whether the August 2014 administrative hearing is sufficient to constitute exhaustion of Plaintiffs' discipline-related claims, or whether Plaintiffs' failure to seek the expedited process available under §1415(k)(4)(B) waived Plaintiff's right to pursue a claim for deprivation of FAPE within the two-year limitations period set forth in §1415(f)(3)(C).

A.     <u>Legal Standard</u>

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is reviewed according to the same standards as motions for failure to state a claim under Rule 1-012(b)(6). *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D. N.M. 2000). Dismissal is appropriate "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Yoder v. Honeywell, Inc*., 104 F.3d 1215, 1224 (10th Cir.1997) (internal quotations omitted), *cert. den*. 522 U.S. 812 (1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (conclusory statements are "not entitled to the assumption of truth").

B.      Exhaustion of Discipline-Related Claims

The resolution of the exhaustion issue lies in the plain language of the relevant IDEA provisions set out above. *Ingersoll-Rand Co. v. Mcclendon*, 498 U.S. 133, 139 (1990) (traditional principles of statutory interpretation dictate that a court look first at the plain meaning of the statutory language.)  Defendant argues that a plaintiff is required to attack *each* manifest determination made by a school district through a request for expedited hearing in order to meet the IDEA's exhaustion requirements for disciplinary actions, but the Court agrees with Plaintiffs that there is no support for this contention in the plain language of the statute.

Defendant points out that section 1415(i)(2), which provides for judicial review of adverse administrative determinations, identifies two categories of disputes that can be judicially reviewed: due process hearings under subsection (f), and matters under subsection (k) which basically concern a disputed manifestation determination or alternative placement (such as suspension).  Subsection (f) provides that such hearings may be brought based on complaints received under *either* subsection (b)(6) (which is a denial of FAPE) or (k) (". . . [w]henever a

complaint has been received under subsection (b)(6) "**or**" (k)).  §1415(f)(1)(A) (emphasis added).

 Defendant claims that Plaintiffs' request for a due process hearing about D.M.'s alternative placement and LTS under subsection (f) allows disciplinary placement claims to be heard as a "subset of the claims allowed under subsection (b)(6)" and that this interpretation renders Congress' reference to subsection (k) in both subsections (i)(2) and (f) to be meaningless.  Defendant further contends that Plaintiffs' failure to appeal under subsection (k)'s expedited process waives Plaintiffs' rights under the IDEA to challenge the manifestation determinations and the imposition of the LTS.  However, the Court finds that Defendant overlooks the express language in the statutory provisions.

 As Plaintiffs' note, there are two types of due process hearing which parents may request: a hearing about issues in 20 U.S.C. §1415(b)(6) or a hearing about issues in 20 U.S.C. §1415(k). *See* 20 U.S.C. §1415(f)(1)(A).  As discussed previously, subsection (k) allows a parent to appeal "any decision regarding **placement**, or the manifestation determination."  §1415(k)(3) (emphasis added).  An appeal requested by a parent under subsection (k)(3) triggers that provision's expedited process in which the school must arrange for a hearing within 20 school days of the hearing request, and issue a determination within 10 school days after the hearing. §1415(k)(4)(B).  Subsection (b)(6) also includes an opportunity for a party to present a complaint "with respect to any matter relating to the . . . **educational placement of the child**," in addition to the identification, evaluation, or the provision of a free appropriate public education to such child . . . ."   §1415(b)(6)(A) (emphasis added).   This language, which Defendant seems to ignore, can be fairly read to encompass challenges to a change of placement caused by the imposition of discipline where the child is removed from his classes and the school.

Hearings on matters that concern D.M.'s educational placement resulting from his suspension are not a "subset" of §1415(b)(6), as Defendant contends.  *See* Doc. 34 at 5.  Such matters are no more a "subset" of claims allowed under §1415(b)(6) than are hearings on matters relating to the identification or evaluation of a child, and claims related to placement resulting from disciplinary action are clearly envisioned within the types of claims allowed under §1415(b)(6).

Defendant's other contention, that allowing hearings on placement-related claims under subsection (b)(6) renders Congress' reference to subsection (k) in both subsection (f) and (i)(2) meaningless, is also not supported by the statute's language.  The procedural processes available under subsections (b)(6) and (k) are clearly available as options but are not mandatory.  Here, Plaintiffs did not challenge or appeal the schools disciplinary actions through the expedited process available to them under subsection (k).  Instead, they requested a due process hearing about issues in (b)(6) which includes challenges to a school's decisions regarding the "educational placement of a child" as an issue of denial of FAPE.

Defendant's "use it or lose it" argument concerning subsection (k)'s expedited process also has no support in the statute's language when read together with other subsections.  *See Kendrick v. Gackle Drilling Co*., 71 N.M. 113, 117 (1962) (all parts of an act relating to the same subject matter must be construed together as a consistent harmonious whole), cited in *Garcia v. Schneider, Inc*. 105 N.M. 234 (N.M.App.,1986) (referring to the "rule of universal application in statutory construction").   Subsection (k) offers an appeal option, but contains no limitations period in which a parent is required to request such a hearing.   §1415(k)(3).  In fact, the only mention of any timeline in subsection (k) is with respect to the school or local education agency's *response* to a parent's appeal of a placement or manifestation determination once a parent requests a hearing under that subsection.  §1415(k)(4)(B).  However, the two-year

timeline set out in both §1415(f)(3)(C) ("timeline for requesting hearing") and §1415(b)(6)(B), necessarily applies to appeals requested under subsection (k).[7]  Any other reading would allow an open-ended limitations period in which a parent could appeal matters relating to manifestation determinations and placement.   Also, this two-year timeline would limit the matters that could be judicially reviewed to matters that were within two years from the date the due process complaint was filed.  *See* Compl., ¶ 18.

It is worth noting that the relevant federal regulations also indicate that the expedited process is available but not required, and that failure to request an appeal under the expedited process set forth under subsection (k) does not preclude a parent from seeking a due process hearing under subsection (b)(6).  34 C.F.R. §300.532(a) sets out the procedures offered to "a parent of a child with a disability who disagrees with any decision regarding placement . . . or the manifestation determination."   The regulation describes one option as a due process hearing (referring to §300.507 and §300.508) and another as an "expedited due process hearing." §300.532(c).   Again, there is no mention of a time period in which a parent must request this expedited hearing, indicating that the two-year period set forth in subsection (f)(3)(C) would apply to this type of hearing as well as due process hearings requested under subsection (b)(6).

The Court agrees with Plaintiffs that none of the cases cited by Defendant bolsters any of its arguments because none of them suggests that parents *must* avail themselves of the expedited hearing under subsection (f) as an exhaustion requirement before filing a civil action in federal court.  The case that perhaps comes closest factually is *Coleman v. Newburgh Enlarged Sch. Dist.,* 503 F.3d 198, 201 (2d Cir. 2007).  In that case, the student who was suspended for a period of time during the school year, and parents never availed themselves of the expedited due

---

[7]  As a practical concern, it is unlikely that a parent would delay a challenge to a school's decision for two years if appealing under subsection (k)'s expedited process, but the two-year window contained in subsection (f) is there as an outside time limit for complaints received under *either* subsection (b)(6) *or* subsection (k).

process hearing under subsection (k).  Instead, the plaintiffs went directly to federal court seeking a TRO to allow their son to return to classes, claiming that exhaustion was futile because he was set to graduate in a few weeks.  The district court agreed with plaintiffs, but the Second Circuit Court of Appeals disagreed, finding that Plaintiff's "emergency situation" argument was not persuasive because graduating with one's class is not necessary to prevent the deprivation of a right protected under the IDEA.   503 F.3d at 206.  The Second Circuit reversed the case, finding that the complaint should have been dismissed for failure to exhaust.  Plaintiffs correctly observe that *Coleman* is inapposite to this case because here, D.M.'s parents did seek a due process hearing in July of 2014 complaining of denial of FAPE within the two-year year statutory period, prior to filing the instant civil action.

Another case cited by Defendant, *Doe ex rel. Doe v. Todd County Sch. Dist.,* is also factually dissimilar.   625 F.3d 459, 465-66 (8th Cir. 2010).   The student alleged that the school had violated his federal procedural due process rights when he was placed in an alternative high school setting following his suspension for fighting and bringing a pocket knife to school.   The district court granted summary judgment to the student, but the decision was reversed by the Eighth Circuit, which held that plaintiff had demanded the wrong procedural remedy by seeking a general due process hearing under the Fourteenth Amendment before the school board instead of pursuing procedural remedies contained in the IDEA, because the school board "lacked authority to overrule educational decisions of the IEP team."  *Id.* at 465.  The court left open which IDEA procedural remedy should have been used, and did not specify that plaintiffs were required to follow the expedited process in subsection (k) in light of the disciplinary nature of the actions that were challenged by the plaintiff.   While not factually on point, the court's discussion

in that case does suggest that plaintiff had more than one procedural option in challenging the educational placement that occurred as a result of the suspension.

Finally, the parties dispute what role state regulations play in disciplinary actions taken by the schools in the District.  Plaintiffs argue that state regulation governs procedures related to the imposition of discipline on any student with a disability.  *See* Doc. 28 at 3-4.  Plaintiffs are correct that New Mexico's rules addressing suspensions and expulsions are applicable to all students in the District.  Doc. 28 at 2.   These procedures certainly come into play when the school is considering what measures to take, but state administrative procedures have no relevance to the IDEA's exhaustion procedures prior to the filing of a civil complaint in federal court.  *See, e.g.,* 20 U.S.C. §1415(k)(1)(C) (". . . the relevant disciplinary procedures applicable to children without disabilities may be applied to the child in the same manner and for the same duration in which the procedures would be applied to children without disabilities. . . .").   The exhaustion issue for Plaintiffs' discipline-related claims must be determined based on IDEA provisions and requires no reference to state or local disciplinary regulations.[8]

## CONCLUSION

In sum, the Court finds and concludes that Plaintiffs' claims that are based on discipline-related suspensions are not barred by the statute of limitations set forth in the IDEA.  Plaintiffs

---

[8] Defendant had sought dismissal of Plaintiffs' discrimination claims that are based on D.M.'s suspension as part of the requested relief.  *See* Doc. 16 at 11 ("Thus, to the extent the alleged denial of FAPE and disability discrimination claims are based on the manifestation determinations through 2013, these claims should be dismissed").  However, even if the Court had granted Defendant's motion, such claims would not have been dismissed, since actions brought under Section 504 of the Rehabilitation Act do not generally require exhaustion of administrative remedies. *See Freed v. Consolidated Rail Corp.*, 201 F.3d 188, 194 (3d Cir.2000); *Jeremy H. by Hunter v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 281–82 (3d Cir.1996) (when a § 504 claim is asserted against any party other than a federal employer, there is no exhaustion requirement); *Tuck v. HCA Health Servs. of Tenn., Inc.*, 7 F.3d 465, 471 (6th Cir.1993) ("[E]very court of appeals, which has considered the issue whether to apply the exhaustion requirement to non-federal employees under [section 504] has decided not to apply the requirement"); *Hope v. Cortines*, 872 F.Supp. 14 (E.D.N.Y.1995); *Henchey v. Town of North Greenbush*, 831 F.Supp. 960, 968 (N.D.N.Y.1993) ("A majority of courts addressing this issue have declined to require the exhaustion of administrative remedies"); *O'Hayre v. Board of Educ. for Jefferson County School Dist. R-1*, 109 F.Supp.2d 1284, 1294 (D.Colo., 2000).

have sufficiently alleged that they followed the pertinent IDEA procedures in complying with the statute's exhaustion requirements.

Based on the foregoing discussion, the Court concludes that a parent *may* appeal a placement decision or manifestation determination under §1415(k), and has two years in which to do so.  A parent's request of an appeal under subsection (k) forces the school or local educational agency to expedite the response times for setting a hearing as well as issuing a decision.   However, where a parent does not choose the expedited process offered in subsection (k), that parent can still follow the other procedural avenue provided for in subsection (f) which is a due process hearing challenging education placement under subsection (b)(6).

The Court therefore finds that Plaintiffs have exhausted claims that are based on D.M.'s discipline, but also finds that such claims must be limited to those matters that occurred no more than two years prior to the date the due process complaint was filed, which in this case was July 16, 2014.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings to Dismiss All Claims Related to Discipline of D.M., filed by the Board of Education of Los Lunas Schools (**Doc. 16**) is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE